[No. 143-3.    Division Three.    January 29, 1971.]

FRANK LEROUX, INC., *Respondent*, v. JOE BURNS et al., *Appellants.*

*Robert J. Williams* (of *Williams & Golden*), for appellants.

*Charles Snyder,* for respondent.

Evans, J.—Plaintiff brought this action to recover a delinquent payment due on a contract for the sale by plaintiff to defendants of the assets of a drug store. The trial court entered judgment for the plaintiff, and defendants appeal.

There is no dispute as to the facts. On April 18, 1969 the parties entered into a written contract by which plaintiff agreed to sell the assets of a business known as "Thrifty Drug" to defendants. The subject matter of the contract is more fully described in that agreement as

> All of the assets and equipment of that certain business commonly known as Thrifty Drug located at 228 East Main Street, Walla Walla, Washington, including inventory of merchandise held for resale, equipment and tenant's improvements as identified in Exhibit "A" attached . . . and franchise agreements, excluding however, all accounts receivable, cash on hand and personal furniture, reserved by Seller.

Exhibit A included the shelving, cabinets, cash registers and the like. The total consideration to be paid by defendants for the business was the invoice cost of the inventory plus $100,000 for the fixtures, equipment and tenant's improvements.

The agreement of April 18, 1969 further provided that an inventory of all the merchandise on hand and held for resale would be taken on April 30, 1969 and defendants would take possession the following day. Payment for the inventory was to be made in the following manner: $20,000 upon the execution of the agreement, $180,000 on the 30th day of April, 1969 and the remaining balance of the inventory value was to be paid from gross receipts after plaintiff went into possession.

Thereafter, the parties entered into a supplemental agreement dated the 12th day of May, 1969 which provided that the original agreement dated the 18th day of April, 1969 should remain in full force and effect except as modi-

fied by the supplement; that the inventory to be taken of merchandise held for resale would be taken on July 31, 1969 and that the amount so determined would then be paid

> $20,000.00 down, the receipt of which is hereby acknowledged by Seller, the additional sum of $75,000.00 shall be paid on the 15th day of May, 1969; the additional sum of $105,000.00 shall be paid in cash on the 31st day of July, 1969, and the remaining balance of the inventory shall be paid in the manner following: . . .

The defendants defaulted on the 15th day of May, 1969 in the payment of $75,000, as provided by the original agreement as amended, and this action was thereupon commenced to recover the defaulted payment in the sum of $75,000 under the following provision of the original agreement of April 18, 1969:

> Time is of the essence of this agreement and it is mutually agreed that in the event that Purchasers shall fail to comply with the terms of this agreement or with any thereof, then *Seller may at its option take legal action to recover any delinquent payment,* or may declare all unpaid balances due and owing and take legal action to recover the same, . . .

(Italics ours.) The trial court entered judgment for the delinquent May 15 payment in the sum of $75,000.

Since both parties look to the Uniform Commercial Code (RCW 62A) as controlling, the primary issue raised on appeal is whether, under the Uniform Commercial Code, parties may contract for the remedy of specific performance. Defendants contend that under the present facts the controlling provisions are contained in RCW 62A.2-709 and RCW 62A.2-703. RCW 62A.2-709 provides:

> Action for the price. (1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price
>
> (a) of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer; and

(b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

(2) Where the seller sues for the price he must hold for the buyer any goods which have been identified to the contract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the judgment. The net proceeds of any such resale must be credited to the buyer and payment of the judgment entitles him to any goods not resold.

(3) After the buyer has wrongfully rejected or revoked acceptance of the goods or has failed to make a payment due or has repudiated (RCW 62A.2-610), a seller who is held not entitled to the price under this section shall nevertheless be awarded damages for non-acceptance under the preceding section.

RCW 62A.2-703 provides:

Seller's remedies in general. Where the buyer wrongfully rejects or revokes acceptance of goods or fails to make a payment due on or before delivery or repudiates with respect to a part or the whole, then with respect to any goods directly affected and, if the breach is of the whole contract (RCW 62A.2-612), then also with respect to the whole undelivered balance, the aggrieved seller may

(a) withhold delivery of such goods;

(b) stop delivery by any bailee as hereafter provided (RCW 62A.2-705);

(c) proceed under the next section respecting goods still unidentified to the contract;

(d) resell and recover damages as hereafter provided (RCW 62A.2-706);

(e) recover damages for non-acceptance (RCW 62A.2-708) or in a proper case the price (RCW 62A.2-709);

(f) cancel.

In other words, it is defendants' contention that plaintiff's remedy is limited to those provided in the statutes above quoted and cannot be contracted away by agreement of the parties. We are unable to agree.

■ As we read it, the Uniform Commercial Code leaves the parties free to shape their remedies according to their particular needs, within certain limits. This policy is expressed in the following provision of the code:

62A.1-102 Purposes; rules of construction; variation by agreement. . . .

. . .

(3) The effect of provisions of this Title may be varied by agreement, except as otherwise provided in this Title and except that the obligations of good faith, diligence, reasonableness and care prescribed by this Title may not be disclaimed by agreement but the parties may by agreement determine the standards by which the performance of such obligations is to be measured if such standards are not manifestly unreasonable.

This concept of freedom of contract is specifically applied to remedies under RCW 62A.2-719:

Contractual modification or limitation of remedy. (1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,

(a) *the agreement may provide for remedies in addition to or in substitution for those provided in this Article* and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; . . .

(Italics ours.)

In the present case there is no evidence that the obligations of good faith, diligence, reasonableness and care prescribed by the Uniform Commercial Code are in any way disclaimed by the agreement of the parties which gave to the seller an option to take legal action to recover a delinquent payment. Neither is there evidence that the agreement or any part of it was unconscionable so as to render it unenforceable (RCW 62A.2-302); nor that the remedy agreed upon is unreasonable in a commercial context. *See* RCW 62A.2-719, Official Comment 1. We, therefore, hold that RCW 62A.2-719 permits enforcement of the contract provision which grants the seller the right to recover any

delinquent payment without declaring all unpaid balances due and owing. Absent such a provision we agree that plaintiff would be limited in his remedies to RCW 62A.2-703 and RCW 62A.2-709.

Defendants next contend that plaintiff cannot maintain the present action while remaining in possession of the goods, citing *James Mfg. Co. v. Stovner,* 1 Wn. App. 27, 459 P.2d 51 (1969), and *French v. Sotheby & Co.,* 470 P.2d 318 (Okla. 1970). However, an examination of those cases discloses they are concerned with an entirely different matter. In *James Mfg. Co. v. Stovner, supra,* the plaintiff sought to recover the full contract price and retain the property sold, even though he had an available market for its resale. As the court there stated, the rule advocated by the seller would permit a seller to "have his cake and eat it", and held that such a result would be unconscionable. Although that case was decided under the Uniform Sales Act, the holding should have continuing validity under the Uniform Commercial Code. In *French v. Sotheby & Co., supra,* the seller brought an action for the price under the Uniform Commercial Code § 2-709 (RCW 62A.2-709). The Oklahoma Supreme Court held that plaintiff had not established facts necessary to maintain such an action under that section of the code. The court was not concerned with the issue of whether the parties could contract for the remedy of specific performance, or the effect of the seller maintaining possession while bringing an action for a delinquent payment.

In view of the provisions of RCW 62A.1-102(3) and RCW 62A.2-719, *supra,* we find nothing in the provisions relied upon by defendants (RCW 62A.2-703 and RCW 62A.2-709) which prevent plaintiff, while remaining in possession, from recovering from defendants a delinquent payment when their contract specifically authorizes them to do so.

Judgment affirmed.

MUNSON, C. J., and GREEN, J., concur.

Petition for rehearing denied February 5, 1971.

Review denied by Supreme Court March 2, 1971.