DANIEL MARTIN AND JOHN DUKE, D/B/A STAR PHOTO, PLAINTIFFS v. JEFF SHEFFER AND J&S DISTRIBUTORS, INC., DEFENDANTS

No. 9014SC848

(Filed 7 May 1991)

### Sales § 10.1 (NCI3d) — remedies — specific peformance

The trial court correctly granted summary judgment for defendants on a counterclaim for specific performance where plaintiffs ordered a printer from defendant J&S Distributors; plaintiffs refused the machine when it arrived and were refused the return of their deposit; plaintiffs sued for breach of contract, fraud, breach of good faith and unfair and deceptive trade practices; and defendants counterclaimed for full

MARTIN v. SHEFFER

[102 N.C. App. 802 (1991)]

performance under a clause in the contract. A contractual provision expanding the seller's damages upon breach by the buyer will be upheld where the contractual provision is reasonable and in good faith. N.C.G.S. § 25-1-102.

**Am Jur 2d, Contracts § 344.**

APPEAL by plaintiffs from a judgment entered 26 February 1990 by *Judge Anthony M. Brannon* in DURHAM County Superior Court. Heard in the Court of Appeals 18 February 1991.

*Kenneth J. Duke for plaintiffs-appellants.*

*King, Walker, Lambe & Crabtree, by Daniel Snipes Johnson, for defendant-appellee.*

LEWIS, Judge.

In December of 1987 Daniel Martin and John Duke contracted with J&S Distributors, Inc. to purchase a KIS Magnum Speed printer for $17,000.00. The parties agreed that Martin and Duke would send one-half of the money as a deposit and would pay the balance upon delivery. On 28 December 1987 the KIS machine arrived in Georgia but Duke and Martin refused to accept it, stating that the delivery was five days late and they had purchased a substitute machine elsewhere. The plaintiffs requested return of their deposit and were refused.

On 6 September 1988 Duke and Martin sued Jeff Sheffer and J&S Distributors for breach of contract, fraud, breach of good faith and unfair and deceptive trade practices. Defendants answered and counterclaimed for full performance of the contract pursuant to a clause in the contract which provides:

7. In the event of non-payment of the balance of the purchase price reflected herein on due date and in the manner recorded or on such extended date which may be caused by late delivery on the part of DIS, the Customer shall be liable for

7.1 immediate payment of the full balance recorded herein; and

7.2 payment of interest at the rate of 12% per annum calculated on the balance due, when due, together with any attorney's fees, collection charges and other necessary expenses incurred by DIS.

MARTIN v. SHEFFER

[102 N.C. App. 802 (1991)]

On 8 August 1989 both defendants moved for summary judgment regarding plaintiffs' claim for return of the deposit; motion was granted on 1 November 1989. On 8 January 1990 defendants moved for summary judgment on their counterclaim. The trial court granted this motion and ordered specific performance of the contract, costs and attorney's fees.

Appellants argue that the trial court erred in ordering them to accept delivery of the KIS machine and pay the entire balance of the contract. They contend that the determination of seller's damages is controlled by U.C.C. § 2-708 and is limited to lost profits. N.C.G.S. § 25-2-708. Appellants fail to take note of N.C.G.S. § 25-1-102(3) and (4) which provide:

(3) The effect of provisions of this chapter may be varied by agreement except as otherwise provided in this chapter and except that the obligations of good faith, diligence, reasonableness and care prescribed by this chapter may not be disclaimed by agreement . . .

(4) The presence in certain provisions of this chapter of the words "unless otherwise agreed" or words of similar import does not imply that the effect of other provisions may not be varied by agreement under subsection (3).

The official comment to Subsection 25-1-102(4) expressly states the general rule that all provisions of the UCC may be varied by contract. Finally, N.C.G.S. § 25-2-719(1)(a) provides that a contract for sale of goods "may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, . . ." *Id.* The official comment to this subsection states that "parties are free to shape their remedies to their particular requirements and reasonable agreements limiting or modifying remedies are given effect." Official Comment to N.C.G.S. § 25-2-719.

A contractual provision expanding seller's damages upon breach of the buyer will therefore be upheld where the contractual provision is reasonable and in good faith. N.C.G.S. § 25-1-102. Appellants have signed a contract agreeing to a specific performance clause upon breach. Appellants do not argue in their brief that they were fraudulently induced into signing the contract, that the clause authorizing specific enforcement is ambiguous or a mistake, or that

MARTIN v. SHEFFER

[102 N.C. App. 802 (1991)]

the seller breached the contract by failing to deliver at the time promised.

The appellants argue that the clause should be struck as an "unconscionable and oppressive" liquidated damages clause pursuant to N.C.G.S. § 25-2-718. A contractual clause authorizing specific performance is different in kind from a liquidated damages clause. Even were this not the case, enforcement of the price the appellant freely agreed to pay for the KIS machine cannot be considered unreasonable or a penalty. *See Tobacco Growers Co-op Ass'n v. Jones*, 185 N.C. 266, 117 S.E. 174 (1923).

Neither do we find this contractual clause to be otherwise unreasonable or contrary to public policy. N.C.G.S. § 25-1-102(3). To find unconscionability there must be an absence of meaningful choice on part of one of the parties together with contract terms which are unreasonably favorable to the other. *Billings v. Joseph Harris Co.*, 27 N.C. App. 689, 695, 220 S.E.2d 361, 366 (1975), *affirmed*, 290 N.C. 502, 226 S.E.2d 321 (1976). Appellant does not argue that he lacked meaningful choice in negotiating the terms of the contract. As a merchant, appellant is presumed to be familiar with the terms and practices of contracts for the purchase of the tools of his trade; as such "it is rare that a limitation of remedy will be held unconscionable in a commercial setting since the relationship between business parties is usually not so one-sided as to force an unconscionable limitation on a party." *Byrd Motor Lines v. Dunlop Tire and Rubber Corp.*, 63 N.C. App. 292, 296, 304 S.E.2d 771, 776 (1983). The contractual clause authorizing specific performance does not undermine the essential purpose of the contract.

While this is a case of first impression in this jurisdiction, cases from other jurisdictions serve as guidance and explanation as to the purpose of the Uniform Commercial Code, which is "to make uniform the law among the various jurisdictions." *Evans v. Everett*, 10 N.C. App. 435, 437, 179 S.E.2d 120, 122, *rev'd on other grounds*, 279 N.C. 352, 183 S.E.2d 109 (1971). Accordingly, in *Frank LeRoux v. Burns*, 4 Wash. App. 165, 480 P.2d 213 (1971), the Washington Court of Appeals upheld a similar clause which gave the seller the option of demanding the balance of payments on the contract in the case of any delinquent payment for the goods. The Court held that the parties were free to shape their remedies according to their particular needs, and that an expansion of the

IN RE TRANSPORTATION OF JUVENILES

[102 N.C. App. 806 (1991)]

seller's remedies beyond those specified in the Uniform Commercial Code to include specific performance is neither unreasonable nor unconscionable. *Id.* The same rationale applies to the case before us.

Appellants have asked us to reduce attorney's fees if we reduce the judgment. Insofar as we have affirmed the judgment as is, we see no reason to address this issue.

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.