RITE  COLOR  CHEMICAL  COMPANY,  INC.  v.  THE  VELVET  TEXTILE
COMPANY, INC.

No. 9118SC254

(Filed 7 January 1992)

1. **Appeal and Error § 209 (NCI4th)— specific issues designated
in notice of appeal—other issue not considered on appeal**

    That portion of defendant's appeal which questioned the
trial court's orders denying defendant's motions to amend its
answer is dismissed, since defendant's notice of appeal
designated only the trial court's order on unconscionability
of the parties' contract, directed verdict, and the subsequent
judgment; the court could not infer from this specific notice
the intent to appeal from the orders denying defendant's mo-
tions to amend; and because defendant did not technically fail
to comply with procedural requirements in the filing of its
notice, the Court could not conclude that defendant's notice
accomplished the "functional equivalent" of a proper notice.

    **Am Jur 2d, Appeal and Error § 319.**

2. **Uniform Commercial Code § 7 (NCI3d)— sale of goods—contract
allegedly unconscionable—procedural and substantive uncon-
scionability required—finding of unconscionability precluded
when one absent**

    A finding that the terms of a contract for the sale of
goods are not unreasonably favorable to one of the parties
precludes a determination that the contract is unconscionable,
since, to find unconscionability, there must be an absence of
meaningful choice on the part of one of the parties (procedural
unconscionability) together with contract terms which are
unreasonably favorable to the other (substantive unconscionabili-
ty). N.C.G.S. § 25-2-302.

    **Am Jur 2d, Sales §§ 233-238.**

    **"Unconscionability" as ground for refusing enforcement
of contract for sale of goods or agreement thereto. 18 ALR3d
1305.**

APPEAL by defendant from orders entered 17 September 1990
and 18 September 1990 in GUILFORD County Superior Court by

RITE COLOR CHEMICAL CO. v. VELVET TEXTILE CO.

[105 N.C. App. 14 (1992)]

*Judge Thomas W. Seay, Jr.* Heard in the Court of Appeals 5 December 1991.

*Wyatt Early Harris Wheeler & Hauser, by William E. Wheeler, for plaintiff-appellee.*

*Turner, Rollins, Rollins & Clark, by Walter E. Clark, Jr., for defendant-appellant.*

GREENE, Judge.

Defendant appeals from orders entered 17 September 1990 and 18 September 1990 determining that the parties' contract was not unconscionable and allowing the plaintiff's directed verdict motion.

The plaintiff is a North Carolina corporation which operates a chemical and dye plant in High Point, North Carolina. The defendant is a textile company located in Blackstone, Virginia. The defendant weaves, dyes, and finishes velvet. From 12 January 1989 through 13 March 1989, the defendant ordered and received various chemicals and dyes. Although the defendant used a substantial portion of these goods after delivery, the defendant never paid for them. The sum of the twelve unpaid invoices is $35,449.97.

On 2 August 1989, the plaintiff filed a complaint seeking recovery of $35,449.97. The defendant filed an answer admitting that the plaintiff had delivered the goods to the defendant, but asserting various defenses to the contract and counterclaims against the plaintiff, including unconscionability and unfair and deceptive trade practices. The plaintiff filed a reply to the defendant's counterclaims. On 30 July 1990, the plaintiff moved for summary judgment and scheduled the hearing for the 20 August 1990 session of superior court, three weeks before the case was scheduled for trial. On 17 August 1990, the defendant filed a motion for leave to amend its answer and counterclaim. At the summary judgment hearing, the trial court granted partial summary judgment as to three defenses and two counterclaims. The defendant voluntarily withdrew its motion for leave to amend. On 30 August 1990, eleven days before the scheduled beginning of the trial, the defendant filed another motion for leave to amend its answer and counterclaim to raise defenses and counterclaims of bribery, concealment, interference with an employment relationship, and fraud. On 10 September 1990, the trial court denied the defendant's motion.

On 13 September 1990, the trial court conducted a hearing to determine whether the parties' contract was unconscionable under N.C.G.S. § 25-2-302 (1986). The only basis for unconscionability alleged in the defendant's answer was the plaintiff's alleged overpricing of the goods. Both parties introduced evidence on the issue. The defendant, however, also put on evidence relating to the matters raised by the defendant's previously denied motion to amend which allegedly supported a determination of unconscionability. After the parties introduced their evidence, the trial court found the following facts: That the twelve unpaid invoices constituted the parties' contract; that before November, 1986, the defendant had ordered the same or similar chemicals and dyes from A.B. Chemicals and Dyes and had paid prices substantially similar to those charged by the plaintiff from November, 1986 through March, 1989; that between November, 1986 and 11 January 1989, the defendant had ordered the same or similar types of chemicals and dyes from the plaintiff on numerous occasions, had paid for those goods upon delivery, and had used them; that during this period, the plaintiff's prices were not substantially different from the prices it charged during the 12 January 1989 through 13 March 1989 period; that throughout these time periods, numerous suppliers offered the same or similar goods as those offered by the plaintiff but at lower prices than those charged by the plaintiff; that the defendant knew about these suppliers and their lower prices, but the defendant knowingly chose to purchase the chemicals and dyes offered by the plaintiff; that the plaintiff's prices were not unreasonably favorable to it; that the terms of the contract were not unreasonably favorable to it; and that the plaintiff's goods were not grossly and unreasonably overpriced. On these facts, the trial court determined that the contract was not unconscionable.

After the trial court had decided the issue of unconscionability, the only remaining issue to be tried was the defendant's counterclaim for unfair and deceptive trade practices. The only basis in the defendant's answer for this counterclaim was that the contract was unconscionable. The defendant again moved to amend its answer to allege additional facts to support its claim for unfair and deceptive trade practices. The trial court denied the motion, the plaintiff moved for a directed verdict, and the trial court entered directed verdict for the plaintiff on its claim for the contract price of the goods and on the defendant's counterclaim for unfair and deceptive trade practices. The defendant appealed.

**RITE COLOR CHEMICAL CO. v. VELVET TEXTILE CO.**

[105 N.C. App. 14 (1992)]

[1] We note at the outset that although the defendant gave notice of appeal only as to the trial court's orders on the issues of unconscionability and unfair and deceptive trade practices, the defendant attempts to argue on this appeal that the trial court erred in denying its motions to amend, which denials were specifically reduced to written orders. Our appellate rules require that an entitled party may appeal from a judgment or order of a trial court "by filing notice of appeal with the clerk of superior court" and by serving copies of the notice upon all other parties in timely fashion. N.C.R. App. P. 3(a). Furthermore, our appellate rules require such party to "designate the judgment or order from which appeal is taken" in the notice of appeal. N.C.R. App. P. 3(d). This Court may not waive these jurisdictional requirements, and if a party does not comply with them, this Court must dismiss the appeal. *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 394 S.E.2d 683, *disc. rev. denied*, 327 N.C. 633, 399 S.E.2d 326 (1990) (defendants gave notice of appeal in open court but did not file notice with clerk or serve copies upon all other parties). Despite these mandatory rules,

> we may liberally construe a notice of appeal in one of two ways to determine whether it provides jurisdiction over an apparently unspecified portion of a judgment. First, 'a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake.' . . . Second, if a party technically fails to comply with procedural requirements in filing papers with the court, the court may determine that the party complied with the rule if the party accomplishes the *'functional equivalent'* of the requirement.

*Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (citations omitted) (emphases in text).

The defendant's notice of appeal, even when liberally construed, does not give this Court jurisdiction to review the trial court's orders denying the defendant's motions to amend. On its face, the defendant's notice of appeal designates only the order on unconscionability, the directed verdict, and the subsequent judgment. We may not "fairly infer" from this specific notice the intent to appeal from the orders denying the defendant's motions to amend.

*Cf. Smith v. Independent Life Ins. Co.*, 43 N.C. App. 269, 274, 258 S.E.2d 864, 867 (1979) (where plaintiff specified order in notice of appeal, order granted both defendants' motions for dismissal for failure to state claim and summary judgment, and notice referred only to summary judgment, this Court could fairly infer intent to appeal from both portions of order). Furthermore, because the defendant did not technically fail to comply with procedural requirements in the filing of its notice, we may not conclude that the defendant's notice accomplishes the "functional equivalent" of a proper notice. *Cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 101 L.Ed.2d 285, 291-92 (1988) (failure to designate appellant's name rendered notice improper). Accordingly, we dismiss that portion of the defendant's appeal which questions the trial court's orders denying the defendant's motions to amend its answer.

---

[2]  The issue is whether a finding that the terms of a contract are not unreasonably favorable to one of the parties precludes a determination that the contract is unconscionable.

As a general rule, our courts will not enforce unconscionable contracts. *Brenner v. Little Red School House, Ltd.*, 302 N.C. 207, 213, 274 S.E.2d 206, 210-11 (1981) (contract for non-refundable tuition payments not unconscionable); *Alpiser v. Eagle Pontiac-GMC-Isuzu*, 97 N.C. App. 610, 615, 389 S.E.2d 293, 296 (1990) (automobile lease not unconscionable); *Howell v. Landry*, 96 N.C. App. 516, 525, 386 S.E.2d 610, 615 (1989), *disc. rev. denied*, 326 N.C. 482, 392 S.E.2d 90 (1990) (courts will not enforce unconscionable premarital or postmarital agreements); Restatement (Second) of Contracts § 208 (1979). The General Assembly has codified this common law rule in the context of contracts for the sale of goods. Accordingly, if a trial court determines as a matter of law that a contract to sell goods or any clause of such contract was "unconscionable" at the time it was made, the trial court "may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." N.C.G.S. § 25-2-302(1) (1986). As the official comment to this statute makes clear, the purpose behind N.C.G.S. § 25-2-302 is "to permit the courts to do openly what they have been doing for many years in a semi-covert way." 2 W. Hawkland, Uniform Commercial Code

Series § 2-302:01 (1984); *see also* 1 E. Farnsworth, Farnsworth on Contracts § 4.28 (1990). The comment provides the following:

> This section is intended to make it possible for the courts to police explicitly against the contracts or clauses which they find to be unconscionable. In the past such policing has been accomplished by adverse construction of language, by manipulation of the rules of offer and acceptance or by determinations that the clause is contrary to public policy or to the dominant purpose of the contract. This section is intended to allow the court to pass directly on the unconscionability of the contract or particular clause therein and to make a conclusion of law as to its unconscionability.

N.C.G.S. § 25-2-302 official cmt. 1 (Supp. 1991).

The term "unconscionability" is not defined by the statute, and the leading commentators agree that the term cannot be defined with precision. 2 R. Anderson, Anderson on the Uniform Commercial Code § 2-302:25 (3d ed. 1982); 1 E. Farnsworth, *supra*, § 4.28; 2 W. Hawkland, *supra*, § 2-302:02; J. White & R. Summers, Uniform Commercial Code § 4-3 (3d ed. 1988). Nevertheless, the official comment provides some guidance as to the term's meaning despite the comment's somewhat ambiguous language. It explains the term as follows:

> The basic test [of unconscionability] is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. . . . The principle is one of the prevention of oppression and unfair surprise . . . and not of disturbance of allocation of risks because of superior bargaining power.

N.C.G.S. § 25-2-302 official cmt. 1 (citation omitted). From this basic test and the cases involving this provision of the Uniform Commercial Code, commentators "have asserted that unconscionability involves procedural and substantive elements, and that these are useful classifications for analyzing the connotations of that term." 2 W. Hawkland, *supra*, § 2-302:02 (citing Ellinghaus, *In Defense of Unconscionability*, 78 Yale L.J. 756, 757 (1969) and Leff, *Unconscionability and the Code—The Emperor's New Clause*, 115

U. Pa. L. Rev. 485, 488 (1967) ); *see also* 1 E. Farnsworth, *supra*, § 4.28; J. White & R. Summers, *supra*, § 4-3.

Procedural unconscionability involves "bargaining naughtiness" in the formation of the contract, J. White & R. Summers, *supra*, § 4-3, and is equated with the words "unfair surprise" from the official comment and with the phrase "lack of meaningful choice." 2 W. Hawkland, *supra*, § 2-302:03. The term encompasses "not only the employment of sharp practices and the use of fine print and convoluted language, but a lack of understanding and an inequality of bargaining power." 1 E. Farnsworth, *supra*, § 4.28. Substantive unconscionability, on the other hand, involves the harsh, oppressive, and "one-sided terms of a contract from which a party seeks relief . . . ." J. White & R. Summers, *supra*, § 4-3; 2 W. Hawkland, *supra*, § 2-302:02. Such terms are generally characterized as being "unreasonably favorable" to the other party to the contract. J. White & R. Summers, *supra*, § 4-3. An example of a potentially harsh, oppressive, and one-sided term is an excessive contract price. 2 R. Anderson, *supra*, § 2-302:73; 1 E. Farnsworth, *supra*, § 4.28; 2 W. Hawkland, *supra*, § 2-302:04; J. White & R. Summers, *supra*, § 4-5. Although there is some confusion among the commentators as to whether a court may determine a contract to be unconscionable on the basis of only one of the two elements described above, this Court has previously held that "[t]o find unconscionability there must be an absence of meaningful choice on part of one of the parties [procedural unconscionability] *together with* contract terms which are unreasonably favorable to the other [substantive unconscionability]." *Martin v. Sheffer*, 102 N.C. App. 802, 805, 403 S.E.2d 555, 557 (1991) (emphases added); *see* 2 R. Anderson, *supra*, § 2-302:73 (need excessive price and lack of meaningful choice); 1 E. Farnsworth, *supra*, § 4.28 (although most cases involve combination of varying degrees of both elements, unclear whether substantive unconscionability alone is sufficient); 2 W. Hawkland, *supra*, § 2-302:05 (need both elements for a determination, for example, excessive price and lack of meaningful choice); J. White & R. Summers, *supra*, § 4-7 (although most courts seem to take a "balancing approach" by requiring a "certain quantum" of both elements, excessive price alone should be sufficient basis for a determination).

Unconscionability is an affirmative defense, and the party asserting it bears the burden of establishing it. 2 R. Anderson, *supra*, § 2-302:12; J. White & R. Summers, *supra*, § 4-1. Likewise, because

it is an affirmative defense, courts are unwilling "to entertain damage suits based on unconscionability, just as a court of equity would have done before the Code." 1 E. Farnsworth, *supra*, § 4.28; J. White & R. Summers, *supra*, § 4-8. Furthermore, issues of unconscionability arising under N.C.G.S. § 25-2-302(1) are questions of law to be resolved by our trial courts. N.C.G.S. § 25-2-302 official cmt. 3 (Supp. 1991); *Billings v. Joseph Harris Co.*, 27 N.C. App. 689, 695, 220 S.E.2d 361, 366 (1975), *aff'd*, 290 N.C. 502, 226 S.E.2d 321 (1976); 2 R. Anderson, *supra*, § 2-302:13. The parties "shall be afforded a reasonable opportunity to present evidence as to . . . [the contract's] commercial setting, purpose and effect to aid the [trial] court in making the determination." N.C.G.S. § 25-2-302(2) (1986). Accordingly, when the trial court is faced with this issue, the trial court, not the jury, sits as the trier of fact and "is required to (1) find the facts on *all issues joined in the pleadings*; (2) declare the conclusions of law arising on the facts found; and (3) enter judgment accordingly." *Gilbert Eng'g Co. v. City of Asheville*, 74 N.C. App. 350, 364, 328 S.E.2d 849, 857, *disc. rev. denied*, 314 N.C. 329, 333 S.E.2d 485 (1985) (emphases added); *see also* N.C.G.S. § 25-2-302 official cmt. 3; 2 R. Anderson, *supra*, § 2-302:13. The trial court need not "recite in its order all evidentiary facts presented at hearing. The facts required to be found specially are those material and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached." *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982).

The only basis raised by the defendant's original answer for a determination of unconscionability was that the plaintiff had grossly overpriced the chemicals and dyes sold to the defendant. At the hearing on unconscionability, the parties introduced evidence, not only on the overpricing issue, but also on the issues of bribery, conspiracy, interference, and fraud. "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." N.C.G.S. § 1A-1, Rule 15(b) (1990); *Mangum v. Surles*, 281 N.C. 91, 98, 187 S.E.2d 697, 701-02 (1972). When there is no objection to evidence offered at trial on the specific ground that the evidence is outside the original pleadings, the parties are deemed to have impliedly consented to an amendment of the pleadings. *Roberts v. Memorial Park*, 281 N.C. 48, 58, 187 S.E.2d 721, 726-27 (1972). That a formal amendment to the pleadings

is not made is of no consequence, for the amendment is presumed to have been made. *Mangum*, 281 N.C. at 98, 187 S.E.2d at 702. Because the parties tried the issues of bribery, conspiracy, interference, and fraud at the hearing on unconscionability without objection, the law deemed the defendant's answer as having been properly amended to include these allegations as grounds for a determination of unconscionability.

After hearing the evidence submitted by both parties, the trial court found that the prices charged by the plaintiff "were not grossly and unreasonably overpriced," and that the terms of the parties' contract were not unreasonably favorable to the plaintiff. The trial court, however, did not make findings relating to bribery, conspiracy, interference, or fraud. The defendant argues that because these additional facts were raised by the defendant's amended answer on the issue of unconscionability, and because a trial court is required to make findings on all issues raised by the pleadings, the trial court's failure to do so requires reversal. *Gilbert*, 74 N.C. App. at 364, 328 S.E.2d at 857; *see also Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980) (appellate review frustrated when gap exists in required progression of trial court decision-making process). Assuming *arguendo* that the trial court was required to make these findings of fact, the alleged error did not prejudice the defendant. Because the defendant does not challenge the trial court's findings of fact as being unsupported by the evidence, its findings are conclusive on this appeal. *See Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 582-83, 347 S.E.2d 25, 28 (1986) (where plaintiffs did not assign error to trial court's findings, they were conclusive). The trial court found that the contract prices were not grossly and unreasonably overpriced and that the terms of the contract were not unreasonably favorable to the plaintiff. In light of these findings establishing an absence of the substantive unconscionability element, a determination of unconscionability could not be made. *Martin*, 102 N.C. App. at 805, 403 S.E.2d at 557.

As the defendant conceded at the hearings prior to the trial court's entry of directed verdict, the alleged unconscionability of the contract was the sole basis for the defendant's counterclaim for unfair and deceptive trade practices. We assume without deciding that an unconscionable contract *may* provide the basis for an unfair and deceptive trade practice claim under N.C.G.S. § 75-1.1 (1988). *See Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403

(1981) (practice unfair when it offends established public policy); *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E.2d 342, 346 (1975) (proof of fraud constitutes violation of N.C.G.S. § 75-1.1); *United Virginia Bank v. Air-Lift Assocs.*, 79 N.C. App. 315, 319, 339 S.E.2d 90, 93 (1986) (provisions of Chapter 25 do not preclude Chapter 75 claims). Accordingly, because the implied amendment discussed above only amended the defendant's answer with regard to the issue of unconscionability, and because the trial court found that the parties' contract was not unconscionable, the plaintiff was entitled to a directed verdict on its claim and on the defendant's counterclaim. *McFetters v. McFetters*, 98 N.C. App. 187, 191, 390 S.E.2d 348, 350, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 177 (1990). The defendant's appeal of the trial court's orders denying its motions to amend is dismissed, and the trial court's orders are affirmed.

Dismissed in part and affirmed.

Judges PARKER and WYNN concur.