JOSEPH LOVALLO, Plaintiff v. CHRISTINE SABATO, Defendant

No. COA11-203

(Filed 4 October 2011)

**Appeal and Error—appealability—untimely appeal dismissed**

Although defendant mother contended that the trial court erred by granting special limited visitation rights of the parties' minor child to seven members of plaintiff father's immediate family in New York, defendant's appeal was dismissed as untimely.

Appeal by defendant from order entered 24 March 2010 by Judge Donnie Hoover in Mecklenburg County District Court. Heard in the Court of Appeals 31 August 2011.

*No brief filed for plaintiff appellee.*

*Aylward Family Law, by Ilonka Aylward, for defendant appellant.*

McCULLOUGH, Judge.

Defendant appeals from an order granting special limited visitation rights of her minor child to seven members of plaintiff's immediate family. We dismiss.

## I. Background

Joseph Lovallo ("plaintiff") and Christine Sabato ("defendant") are the natural parents of their minor daughter, S.L. S.L. was born on 4 September 2002 in New York, where she lived with defendant until she was one month old. In October of 2002, defendant moved to Charlotte, North Carolina, with the minor child.

On 19 August 2003, plaintiff filed a complaint against defendant seeking primary care, custody and control of their minor child. On 5 September 2003, a temporary parenting arrangement was entered, granting primary custody of S.L. to defendant during the pendency of the action and granting visitation to plaintiff. On 10 September 2003, defendant filed an answer and counterclaims seeking, *inter alia*, primary and sole custody of S.L. and requesting permission to relocate to New York with the child. Defendant then filed motions on 22 September and 17 October 2003 requesting, *inter alia*, that the court modify the visitation provisions granted to plaintiff in the 5 September 2003 parenting arrangement.

The trial court conducted a three-day trial on 12-13 July 2004 and 10 August 2004 to determine the issue of permanent child custody and to determine the issue of defendant's proposed relocation with S.L. to New York. On 8 March 2005, *nunc pro tunc* 10 August 2004, the trial court entered a child custody order granting primary legal and physical care, custody, and control of S.L. to defendant and allowing defendant to relocate to New York with the minor child. The trial court's order also detailed a visitation schedule for the child with plaintiff.

On 1 March 2006, defendant filed a motion for modification of plaintiff's visitation, stating that she had returned to Charlotte, North Carolina, with the minor child. Plaintiff likewise filed a motion for modification of both custody and visitation, stating that defendant had moved back to Charlotte and purchased a home there. The trial court entered a modified child custody and visitation order on 14 August 2006, which detailed plaintiff's visitations with S.L. in Charlotte.

On 15 December 2008, defendant filed a verified motion to modify the previous child custody order, again seeking permission to relocate to the New York area with the minor child. Defendant's motion was granted by the trial court in an order entered 24 March 2010, allowing defendant to relocate with S.L. to the New York/Connecticut area. The trial court's order further sets forth detailed visitation privileges for plaintiff. One such provision, titled "Special Limited Visitation for Father's Immediate Family," provides that plaintiff's visitation rights may be exercised by certain of his family members living in the New York area. The trial court's order expressly names the seven family members, all New York residents, who may be allowed to exercise plaintiff's visitation rights, should plaintiff not be able to exercise his visitation rights in New York himself.

On 31 March 2010, defendant filed motions under Rules 52, 59, and 60 of the North Carolina Rules of Civil Procedure, seeking to amend the trial court's findings of fact, and requesting a new trial and relief from the trial court's order. Before the trial court ruled on those motions, defendant filed a Notice of Appeal with this Court on 17 August 2010, seeking review of the trial court's 24 March 2010 order. The primary issue raised by defendant both in her motions under Rules 52, 59, and 60 and in this appeal concerns the visitation provision for plaintiff's New York family members.

## II. Untimely appeal

Rule 3 of our Rules of Appellate Procedure mandates that a party must file and serve a notice of appeal:

(1)  within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure; or

(2)  within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period[.]

N.C.R. App. P. 3(c)(1), (2) (2011). Appellate Rule 3 further provides:

[I]f a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party, as provided in subdivisions (1) and (2) of this subsection (c).

N.C.R. App. P. 3(c)(3). We note that "[m]otions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal." *Wallis v. Cambron*, 194 N.C. App. 190, 193, 670 S.E.2d 239, 241 (2008).

Here, defendant made a timely motion to the trial court under Rules 52(b) and 59 of the Rules of Civil Procedure, and therefore, the provision of Appellate Rule 3 allowing the tolling of the time for taking appeal would have applied in this case. However, Rule 3(c)(3) clearly contemplates a ruling by the trial court on such motions in order for the tolling period to apply. Rule 3(c)(3) expressly states that the time for taking appeal when motions under Rules 52(b) and 59 are filed with the trial court is tolled and will commence to run upon "entry of an order disposing of the motion." N.C.R. App. P. 3(c)(3). Thus, "[w]hen the period for filing notice of appeal is tolled by the filing of a motion, '[t]he full time for appeal commences to run and is to be computed from the date of . . . entry of an order upon . . . the . . . motions.' " *Stevens v. Guzman*, 140 N.C. App. 780, 782, 538 S.E.2d 590, 592 (2000) (alterations in original) (quoting N.C.R. App. P. 3(c)); *see also Middleton v. Middleton*, 98 N.C. App. 217, 220, 390 S.E.2d 453, 455 (1990) ("The full time for appeal commences to run and is to be computed from the entry of the order granting or denying the motions under Rule 50(b) or Rule 59 [or Rule 52(b)]."). Accordingly,

upon timely motion under Rule[s 52(b) or] 59, the thirty day period for taking an appeal is tolled until an order disposing of the motion is entered. N.C.R. App. P. 3(c)(3). Thus, in addition to obtaining review of the denial of a Rule [52(b) or] 59 motion, an aggrieved party who gives proper and timely notice of appeal

from the [motions] ruling may have the underlying judgment or order reviewed on appeal.

*Davis v. Davis*, 360 N.C. 518, 526, 631 S.E.2d 114, 120 (2006).

In the present case, defendant filed her notice of appeal before the trial court ruled on her pending motions under Rules 52(b), 59, and 60. In fact, defendant states in both her notice of appeal and her appellate brief that she is seeking review of a final order of the trial court entered 24 March 2010 pursuant to N.C. Gen. Stat. § 7A-27(c) (2009). We note that the record does not indicate when defendant was served with a copy of the trial court's 24 March 2010 order; however, defendant must have been served with the trial court's order on or before 31 March 2010, as defendant attached such order to her Rule 52, 59, and 60 motions filed with the trial court. Accordingly, to timely perfect her appeal from the trial court's 24 March 2010 order, defendant's notice of appeal should have been filed, at the very latest, within 30 days from the date of 31 March 2010, when defendant was obviously served with a copy of the trial court's order.

On the other hand, defendant could have allowed the trial court to rule on her pending Rule 52(b) and 59 motions, thereby affording her the opportunity to appeal both the trial court's rulings on her motions, as well as the underlying 24 March 2010 judgment, so long as she filed her notice of appeal within the time limits prescribed by Rule 3(c)(3) following entry of the trial court's rulings on those motions. However, defendant is unable to utilize the tolling provisions in this case, as the trial court never ruled on her Rule 52(b) or Rule 59 motions. Accordingly, and as defendant appears to acknowledge, her appeal of the trial court's final order entered 24 March 2010 is untimely, as her notice of appeal was filed 17 August 2010, well after the thirty-day period for taking appeal had expired. "Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed." *Currin-Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683 (1990); *see also Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal.").

Were we to read our appellate rules differently, an appellant would be afforded the opportunity to circumvent the jurisdictional requirement of filing a timely notice of appeal simply by filing a Rule 52(b) or Rule 59 motion with the trial court and utilizing the time in which the motion is pending before the trial court, which may well exceed 30 days, to otherwise perfect an appeal.

LOVALLO v. SABATO

[216 N.C. App. 281 (2011)]

We recognize that we do "have the authority, in the exercise of our discretion, to treat the record on appeal and briefs as a petition for writ of certiorari pursuant to N.C.R. App. P. 21(a)(1), to grant the petition, and to then review [defendant]'s challenge to the [child custody] order on the merits." *In re Will of Durham*, ___ N.C. App. ___, ___, 698 S.E.2d 112, 119 (2010); *see also Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) ("Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner."). Nevertheless, a writ of certiorari should be issued only "in appropriate circumstances." N.C.R. App. P. 21(a)(1) (2011).

Under the circumstances of the present case, upon filing a notice of appeal, defendant improvidently set in motion the appellate review process. Although filing the notice of appeal did not divest the trial court of jurisdiction to hear and rule on defendant's Rule 52(b) motion, *York v. Taylor*, 79 N.C. App. 653, 654-55, 339 S.E.2d 830, 831 (1986), such action did divest the trial court of jurisdiction to hear and rule on her Rule 59 and 60 motions. *Sink v. Easter*, 288 N.C. 183, 197, 217 S.E.2d 532, 541 (1975). "[T]he trial courts have the duty to decide domestic disputes, guided always by the best interests of the child and judicial objectivity. To that end, trial courts possess broad discretion to fashion custodial and visitation arrangements appropriate to the particular, often difficult, domestic situations before them." *Glesner v. Dembrosky*, 73 N.C. App. 594, 598, 327 S.E.2d 60, 63 (1985) (citation omitted). Given the procedural history of this case, we believe the circumstances inappropriate to grant a writ of certiorari, and therefore, we dismiss defendant's appeal.

Dismissed.

Judges HUNTER (Robert C.) and STEELMAN concur.