JACQUELINE TOLER CAVENAUGH v. MICHAEL L. CAVENAUGH

No. 180PA85

(Filed 12 August 1986)

1. **Divorce and Alimony § 21.3; Specific Performance § 1— arrearage under separation agreement—failure to find ability to pay—specific performance erroneous**

   When a defendant has offered evidence tending to show that he is unable to fulfill his obligations under a separation agreement or other contract, the trial judge must make findings of fact concerning the defendant's ability to carry out the terms of the agreement before ordering specific performance; because the trial judge did not make such findings in this case, he could not have properly exercised his discretion in decreeing specific performance of the separation agreement and ordering payment of arrearages.

2. **Divorce and Alimony § 21.3— arrearages under separation agreement—conclusion of no adequate remedy at law—not supported by evidence**

   The trial court erred by concluding that the plaintiff did not have an adequate remedy at law to collect arrearages under a separation agreement where the conclusion was based on a finding that it would require a multiplicity of actions and legal processes to effect collection of the judgment through execution and there was no competent and substantial evidence in the record to support that finding.

3. **Divorce and Alimony § 19.5— separation agreement incorporated into divorce decree—motion to modify denied—no error**

   The trial judge did not err by not modifying a separation agreement which was incorporated into a divorce judgment where defendant presented no evidence that the circumstances of either party had undergone a material change subsequent to the incorporation of the separation agreement; changes which occurred in defendant's earnings and financial situation after the parties entered into the agreement but before the agreement became an order of the court were irrelevant since defendant's obligations were purely contractual at that time.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Appeals affirming the judgments entered by *Ragan, J.,* on 8 June 1983 and 12 September 1983.

Plaintiff and defendant were married on 13 March 1969. Their only child, Tona Caprice Cavenaugh, was born 6 November 1969. The parties separated from each other and entered into a separation agreement in October of 1981. In the agreement it was agreed that plaintiff would have custody of Tona, subject to rea-

sonable visitation by defendant, and that defendant would pay all uninsured medical and dental expenses for Tona. Defendant was also required to make certain enumerated payments totaling approximately $635 per month. This figure is variable because some of the payments are made on a weekly basis.

Defendant offered the following evidence at trial on 19 April 1983:

At the time the separation agreement was entered into defendant worked at the Newport Fuel Company and operated a poolroom and bar. He received $200.00 per week from the fuel company and $200.00 to $250.00 per week from the poolroom.

Defendant sold the bar on 29 March 1982 for $30,000.00. He used $12,000.00 of the sale proceeds to satisfy an existing debt on the poolroom and paid $7,000.00 in taxes. Another $1,000.00 was expended for a trip to the Bahamas in June of 1982.

In July of 1982 defendant purchased a half interest in the Newport Fuel Company for $12,500.00. He borrowed $10,000.00 from First Citizens Bank and Trust Company (First Citizens) and applied $6,000.00 of that money to the purchase price of his interest in the fuel company. He also borrowed $5,000.00 from Harry Livingston for that purpose. Defendant used $4,000.00 of the First Citizens' loan to purchase a pleasure boat in April of 1982. As of the date of trial defendant owed First Citizens $8,961.12 on the $10,000.00 loan and Harry Livingston $4,500.00. He also had a personal loan from First Citizens with a balance of $530.00.

Defendant testified that he received a salary of $212.79 per week from the fuel company. Since the sale of the poolroom that is his only source of income. Defendant also testified that he could not pay what he owed to First Citizens and also pay his debt to Harry Livingston in full.

Defendant itemized his monthly living expenses as follows:

|  |  | TOTAL |
|---|---|---|
| I. HOUSING: |  | $ 306.67 |
| II. FOOD: |  |  |
|  | Groceries | $ 150.00 |
|  | Food away from home | 200.00 |

III. MEDICAL:

| | | |
|---|---|---|
| Health Insurance (Mutual of Omaha) | $ | 39.70 |
| Routine Dental | | 4.17 |

IV. TRANSPORTATION:

| | | |
|---|---|---|
| Gasoline | $ | 100.00 |
| Car Insurance | | 15.00 |

V. LIFE INSURANCE:

| | | |
|---|---|---|
| Charlotte Liberty — child | $ | 11.00 |
| Jefferson Standard — defendant | | 47.00 |

VI. MISCELLANEOUS:

| | | |
|---|---|---|
| Grooming/hygiene | $ | 20.00 |
| Laundry/dry cleaning | | 60.00 |
| Club dues & expenses | | 5.00 |

VII. DEBTS:

| | | |
|---|---|---|
| Visa (balance $800.00) | $ | 45.00 |
| Avco (balance $415.00) | | 45.00 |
| First Citizens — Newport (balance $530.00) | | 92.23 |
| First Citizens — Newport (balance $8,961.12) | | 241.00 |
| Harry Livingston (balance $4,500.00) | | 100.00 |

TOTAL MONTHLY LIVING EXPENSES: $1,482.63

Plaintiff is employed as a nurse. At trial she testified that she cleared $400.00 bi-weekly without overtime. In her pay period immediately preceding the trial she cleared $540.00. Plaintiff testified that she had monthly expenses of $1,325.32 for herself and Tona and that her income combined with the child support defendant had been paying was sufficient to satisfy these expenses.

The pertinent findings of fact of the trial judge are summarized as follows:

In the separation agreement entered into on 15 October 1981 defendant agreed to pay to plaintiff the following sums of money: $156.00 each month to be applied to the mortgage indebtedness on the homeplace, $46.00 each month to be applied to the indebtedness due Avco, $50.00 each week for support in lieu of alimony, and $50.00 each week for child support.

Defendant refused to make payments on the mortgage indebtedness after the June 1982 payment and failed to make the $50.00 weekly payment in lieu of alimony commencing with the payment due on 3 September 1983. As of 15 April 1983 defendant owed arrearages of $3,210.00. Defendant did continue to pay $50.00 each week for child support and $46.00 each month on the Avco indebtedness.

Prior to the separation of the parties defendant earned $200.00 each week from his employment at the Newport Fuel Company and $200.00 to $250.00 each week from operation of the poolroom. On 29 March 1982 defendant conveyed the poolroom to Bud Smith for $30,000.00 cash. Defendant paid $12,000.00 to First Citizens as trustee for the Garner Trust and deposited $10,000.00 in an interest bearing account as security for a $10,000.00 loan.

Subsequently, defendant purchased a one-half interest in the Newport Fuel Company for $12,500.00. To make the purchase he borrowed $6,000.00 from First Citizens and gave an unsecured note to Harry Livingston for $5,000.00, payable at the rate of $25.00 per week. In April of 1982 defendant also purchased a pleasure boat for which he borrowed an additional $4,500.00. He pays a storage charge of $575.00 a year and insurance premiums of $150.00 a year on the vessel.

Defendant owes First Citizens a total of $8,961.12 which is being paid at the rate of $241.86 a month. Defendant has maintained his interest bearing account of $10,000.00. Defendant testified that he is now living with a female in her home and contributes $306.67 each month towards the household expenses. He also submitted an affidavit as to his other expenses.

Defendant's tax returns for the year 1982 show that he had total income for tax purposes of $22,489.88 and that his federal tax liability for 1982 was $4,122.07.

After making the above findings, on 8 June 1983, the trial judge, in part, concluded that defendant was indebted to plaintiff in the sum of $3,210.00 and entered judgment decreeing that plaintiff recover $3,210.00 from defendant and that defendant was obligated to carry out the terms of the separation agreement. Further, he found that it would require a multiplicity of actions and legal processes for plaintiff to effect collection of a judgment

through execution both for the arrearages and for future payments as they come due. Therefore, he concluded that plaintiff has no adequate remedy at law and specifically ordered defendant to pay the $3,210.00 to the clerk of the superior court. Defendant was also ordered to pay the following sums in the future: $50.00 support in lieu of alimony each week, $156.00 each month to be applied to the mortgage indebtedness described in the separation agreement, and $46.00 each month to Avco.

The separation agreement provides that it may be incorporated into any judgment granting either party a divorce on grounds of separation. In the judgment entered 8 June 1983, the trial judge concluded as a matter of law that plaintiff was entitled to have the agreement incorporated into any judgment decreeing a divorce between the parties. The judgment of divorce entered 12 September 1983 states that "[t]he 15 October 1981 separation agreement [sic] is, at the request of the plaintiff, hereby incorporated by reference. . . ." Defendant does not object to incorporation of the separation agreement but does except to the trial judge's failure to modify the incorporated agreement.

*Charles William Kafer, for defendant-appellant.*

*No counsel for plaintiff-appellee.*

BRANCH, Chief Justice.

The Court of Appeals, in affirming the trial judge's order, disposed of defendant's primary arguments by concluding that they were not raised by his exceptions and assignments of error. We hold that defendant's exceptions and assignments of error do raise the issues argued by him in this appeal.

[1] Defendant first assigns as error the failure of the trial judge to make findings concerning his ability to pay before ordering specific performance of the separation agreement. Defendant also argues that the trial judge erred in ordering him to pay into the office of the clerk of superior court the $3,210.00 in arrearages that had accumulated under the terms of the separation agreement as of 15 April 1983 because plaintiff had an adequate remedy at law.

Specific performance is available to a party only if that party has alleged and proven that he has performed his obligations

under the contract and that his remedy at law is inadequate. *Whalehead Properties v. Coastland Corp.*, 299 N.C. 270, 283, 261 S.E. 2d 899, 907-08 (1980). "A marital separation agreement is generally subject to the same rules of law with respect to its enforcement as any other contract." *Moore v. Moore*, 297 N.C. 14, 16, 252 S.E. 2d 735, 737 (1979). Specific performance will not be decreed against a defendant who is incapable of complying with his contract. 71 Am. Jur. 2d *Specific Performance* § 69 (1973); *Lawing v. Jaynes and Lawing v. McLean*, 20 N.C. App. 528, 537, 202 S.E. 2d 334, 340, *modified in part and remanded on other grounds*, 285 N.C. 418, 206 S.E. 2d 162 (1974) (specific performance sought of contract to sell real estate pursuant to an option). *Cf. Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982) (if supporting spouse deliberately depresses income or dissipates resources, then capacity to earn rather than actual income may be the basis for an alimony award). "A court can properly order specific performance of only part of a contract if it deems another portion unworkable." *Harris v. Harris*, 307 N.C. 684, 688, 300 S.E. 2d 369, 372 (1983).

Defendant offered much evidence at trial that his income had declined and his debts had increased since the execution of the separation agreement and that he was unable to fully comply with its terms. Based on this evidence, the trial judge found that defendant paid $306.67 each month in household expenses, owed loan payments of $241.86 each month, and that defendant had submitted an affidavit as to his other expenses. Under the terms of the court's order defendant must pay approximately $635 each month out of a net monthly income of approximately $920 according to defendant's evidence. This would leave defendant with less than $300.00 to meet his monthly expenses. We note that the trial judge made no findings concerning defendant's ability to pay the $3,210.00 judgment for arrearages or as to defendant's income at the time of the hearing.

We hold that when a defendant has offered evidence tending to show that he is unable to fulfill his obligations under a separation agreement or other contract the trial judge must make findings of fact concerning the defendant's ability to carry out the terms of the agreement before ordering specific performance. *See* 71 Am. Jur. 2d *Specific Performance* § 69 (1973); *Quick v. Quick*, 305 N.C. 446, 453-59, 290 S.E. 2d 653, 658-62 (in awarding alimony

Cavenaugh v. Cavenaugh

trial judge is required to make findings and conclusions that the supporting spouse is able to pay the required amount and that the amount is fair and just to all parties); *Lawing v. Jaynes and Lawing v. McLean*, 20 N.C. App. 528, 202 S.E. 2d 334, *modified in part and remanded on other grounds*, 285 N.C. 418, 206 S.E. 2d 162. Because the trial judge did not make such findings in this case, he could not have properly exercised his discretion in decreeing specific performance of the separation agreement and ordering payment of arrearages. Therefore, this case must be remanded for additional findings of fact on defendant's ability to pay the arrearages and to comply with the terms of the separation agreement in the future. If the trial judge finds that defendant is unable to fulfill his obligations under the agreement, specific performance of the entire agreement may not be ordered absent evidence that defendant has deliberately depressed his income or dissipated his resources. *Harris v. Harris*, 307 N.C. 684, 300 S.E. 2d 369. *See Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653. If he finds that the state of defendant's finances warrants it, the trial judge may order specific performance of all or any part of the separation agreement unless plaintiff otherwise has an adequate remedy at law. *Harris*, 307 N.C. 684, 300 S.E. 2d 369.

[2]    To support his conclusion that plaintiff did not have an adequate remedy at law to collect the arrearages owed by defendant, the trial judge found as a fact that it would require "a multiplicity of actions and legal processes . . ." to effect collection of the judgment through execution. There is no competent and substantial evidence in the record to support this finding. Since the trial judge's findings of fact are not supported by competent evidence, they cannot be used to support a conclusion of law that the plaintiff does not have an adequate remedy at law; thus his decree of specific performance for the arrearages must fall for this additional reason. *See Whitaker v. Earnhardt*, 289 N.C. 260, 265, 221 S.E. 2d 316, 319-20 (1976).

Neither party has properly presented the question of whether a court has the authority, under any circumstance, to decree specific performance of arrearages which are due pursuant to the terms of a separation agreement. Even assuming that the language of defendant's assignment of error presented this question, he has failed to present and discuss this question in his brief; therefore the question is deemed to be abandoned. N.C.R. App. P.

28(a). Resolution of this issue will not be necessary unless on remand the trial judge determines that plaintiff has no adequate remedy at law for collection of the arrearages due her under the separation agreement.

Once approved by the court as a judgment of the court a separation agreement loses its contractual nature. *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E. 2d 338, 342 (1983); *Henderson v. Henderson*, 307 N.C. 401, 407, 298 S.E. 2d 345, 350 (1983). *See Doub v. Doub*, 313 N.C. 169, 326 S.E. 2d 259 (1985). Therefore, on remand, should the trial court again enter an order of specific performance for payments which at the time the order was entered were future payments due plaintiff, that order shall affect only those payments due before the date of incorporation of the separation agreement into the divorce decree.

[3] We now turn to the question of whether the trial judge should have modified the terms of the separation agreement which was made a judgment of the court on 12 September 1983. Prior to entry of judgment of divorce on that date, defendant made motions requesting, among other things, that the trial judge amend his findings of fact to include findings concerning plaintiff's income and expenses. Defendant also moved that the order decreeing specific performance of the separation agreement be vacated. Defendant proposed that plaintiff be awarded judgment in the amount of $3,210.00 and that in the future he should only be required to pay $50.00 each week as child support.

The trial judge rejected all of defendant's motions.

A court approved separation agreement is enforceable by the contempt power of the court and may be modified like other judgments in domestic relations cases. *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E. 2d 338, 342. Likewise, an order decreeing specific performance may be modified when at a subsequent hearing the court determines that a change in circumstances warrants such modification. *Harris v. Harris*, 307 N.C. 684, 688, 300 S.E. 2d 369, 372.

By incorporating the separation agreement of the parties into the judgment of divorce the trial judge made that agreement an order of the court subject to modification on the basis of changed circumstances. *Walters v. Walters*, 307 N.C. at 386, 298 S.E. 2d at

342. However, defendant has presented no evidence that the circumstances of either party have undergone a material change subsequent to the incorporation of the separation agreement into the divorce decree. The changes which occurred in defendant's earnings and financial situation after the parties entered into the separation agreement, but before the agreement became an order of the court, are irrelevant since his obligations were purely contractual at that time. We hold that a separation agreement which has been incorporated into a judgment of the court may be modified by the court only upon a showing that the circumstances of the parties have changed subsequent to the date of incorporation. If defendant did not desire such a result, he was free not to enter into a separation agreement which provided that either party could request that it be made an order of the court by motion filed in the divorce action.[1]

Defendant's fear that without modification of the separation agreement he may be held in contempt even though he is unable to comply with the terms of the agreement is unfounded. As an order of the court the separation agreement is enforceable by the contempt power, *Walters v. Walters*, 307 N.C. 381, 386, 298 S.E. 2d 338, 342, but defendant may be held in contempt for failure to comply with the terms of the agreement *only if his failure is willful, Mauney v. Mauney*, 268 N.C. 254, 257, 150 S.E. 2d 391, 393 (1966). Therefore, defendant may not be held in contempt for failing to make the payments required by the incorporated agreement if he is unable to do so. Further, when incorporated into the divorce decree, the separation agreement became a judgment of the court and may be enforced by execution the same as any other judgment. *See Vaughan v. Vaughan*, 211 N.C. 354, 361, 190 S.E. 2d 492, 496 (1937); 2 R. Lee, *N.C. Family Law* § 158 (4th ed. 1980). Therefore, plaintiff retains the right to levy execution on defendant's property for arrearages.

The decision of the Court of Appeals is reversed in part and affirmed in part. This case is remanded to the Court of Appeals

---

1. We also note the possibility that a trial judge, in the exercise of his equitable power, may be able to refuse to incorporate a separation agreement into the divorce decree if he finds that incorporation would be inequitable. However, the parties have not raised this question and it is not before us.

with direction that it be further remanded to the district court of Carteret County for proceedings consistent with this opinion.

Reversed in part, affirmed in part, and remanded.