IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-66

Filed 05 September 2023

Mecklenburg County, No. 20-CVD-2976

AMANDA L. DIENER, Plaintiff,

v.

ROBERT BROWN, Defendant.

Appeal by Defendant from order entered 5 July 2022 by Judge Karen D. McCallum in Mecklenburg County District Court. Heard in the Court of Appeals 8 August 2023.

> *Epperson Law Group, PLLC, by Steven B. Ockerman and Lauren E. R. Watkins, for Plaintiff-Appellee.*
>
> *Wofford Law, PLLC, by J. Huntington Wofford and Rebecca B. Wofford, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Robert Brown appeals from the trial court's order concluding that Defendant had breached the terms of a separation agreement between himself and Plaintiff Amanda Diener and ordering that Defendant specifically perform the agreement by paying Plaintiff 15% of his monthly military retirement pay for the remainder of his life and $8,550 in arrearages. Defendant argues that, because the separation agreement states that Plaintiff is to receive her portion of his monthly military pension directly from the Defense Finance and Accounting Service ("DFAS"),

and because she is statutorily barred from receiving these payments directly from DFAS as the parties were not married for at least ten years, Plaintiff is no longer entitled to her portion of his monthly military pension. Defendant's argument is perilously close to being frivolous, and we affirm.

## I.    Background

Plaintiff and Defendant were married on 17 April 2011. Defendant served in the United States Marine Corps during their marriage and retired in March 2016 after 15 years of service. The parties separated on 15 March 2018 and were divorced on 8 May 2019. Prior to their divorce, the parties attended mediation on 22 January 2019 and stipulated, inter alia, that Plaintiff was entitled to 15% of Defendant's monthly military retirement.

The parties entered into a separation agreement (the "Agreement") on 28 February 2019, which provided, in pertinent part, as follows:

> By this Agreement, the parties acknowledge that [Defendant] has military retirement and that [Defendant] did participate in this account prior to the marriage of the parties, making there a premarital component to the account. [Plaintiff] shall receive fifteen percent (15%) of [Defendant's] monthly military retirement for the remainder of his life. [Plaintiff's] attorney shall be responsible for preparing the documents necessary for her to receive this monthly allotment and [Defendant's] attorney shall have an opportunity to review the document prior to its submission to the military and the [c]ourt. In the event [Defendant's] signature is required for the distribution to take place, he shall execute any and all necessary documents within fifteen (15) days of receipt from [Plaintiff's] attorney. [Plaintiff] shall begin receiving

> the 15% of the military retirement effective February 1, 2019. [Defendant] shall monitor the monthly statements related to the retirement each month. Upon [Plaintiff's] retirement being deducted directly from the retirement, [Defendant] shall pay a make up payment for any months that were not deducted. Thereafter, [Plaintiff] shall be responsible for coordinating with DFAS for payments to come to her.

Plaintiff's counsel notified Defendant's counsel on 19 November 2019 that Plaintiff was unable to receive payments directly from the Defense Finance and Accounting Service ("DFAS") because the parties were not married for ten years or more, as required by 10 U.S.C. § 1408(d)(2).[1] Plaintiff's counsel suggested that Defendant set up automatic payments to Plaintiff so that he would not have to communicate directly with her. Defendant refused; Plaintiff did not receive any payments from Defendant's military pension.

Plaintiff filed suit for breach of contract and specific performance on 14 February 2020, alleging that Defendant had "failed to provide the military pension payments to Plaintiff as required by the Agreement." Defendant filed a motion to dismiss and an answer; the trial court denied the motion to dismiss on 8 March 2021. Plaintiff moved for summary judgment; the trial court denied the motion on 28 October 2021.

---

[1] "If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court . . . of disposable retired pay of the member as property of the member or property of the member and his spouse." 10 U.S.C. § 1408(d)(2).

After a hearing on the division and payment of Defendant's military retirement pay, the trial court entered a consent order on 16 November 2021, concluding that "[Plaintiff] qualifies for direct payment from the appropriate military finance center for her monthly share of military retired pay attributable to [Defendant's] military service under Title 10, United States Code § 1408(d)(2)[.]" Plaintiff submitted to DFAS an Application for Former Spouse Payments from Retired Pay in December 2021. DFAS denied Plaintiff's application by letter dated 3 January 2022, confirming that it could not honor her request for direct payment because the parties were not married for 10 years or more, as required by 10 U.S.C. § 1408(d)(2).

After a bench trial on 24 March 2022, the trial court entered a written order on 5 July 2022 concluding that Defendant had breached the Agreement and ordering Defendant to specifically perform the Agreement by paying directly to Plaintiff 15% of his monthly military retirement pay for the remainder of his life and $8,550 in arrearages. Defendant timely appealed.

## II.    Discussion

### A. Breach of Agreement

Defendant argues that the trial court erred by concluding that "Defendant willfully violated and continues to violate the terms of the Agreement."

"The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether those findings support the conclusions of law and ensuing

judgment." *Ward v. Ward*, 252 N.C. App. 253, 256, 797 S.E.2d 525, 528 (2017) (citation omitted). A trial court's conclusions of law are reviewable de novo. *Donnell-Smith v. McLean*, 264 N.C. App. 164, 168, 825 S.E.2d 672, 675 (2019). Furthermore, where the trial court labels as a finding of fact what is in substance a conclusion of law, we treat that finding as a conclusion and review it de novo. *Westmoreland v. High Point Healthcare, Inc.*, 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012).

"Questions relating to the construction and effect of separation agreements between a husband and wife are ordinarily determined by the same rules which govern the interpretation of contracts generally." *Lane v. Scarborough*, 284 N.C. 407, 409, 200 S.E.2d 622, 624 (1973). "Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution." *Id.* at 409-10, 200 S.E.2d at 624 (citations omitted). "Our Supreme Court has long recognized that the heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Jones v. Jones*, 263 N.C. App. 606, 620, 824 S.E.2d 185, 195 (2019) (quotation marks, brackets, and citation omitted).

Here, the Agreement provides as follows:

> **Intangible Property.** Except as specifically provided for herein, the parties have divided to their satisfaction all intangible property owned by them, individually or jointly,

including, but not limited to, checking and savings accounts, stocks, bonds, mutual funds, trusts, interest in pension and profit sharing plans, retirement benefits, promissory notes, IRA accounts, interest in businesses, partnerships, choses in action, certificates of deposit, money market accounts, cash management accounts, life insurance policies (including any cash values) and the like.

By this Agreement, [Plaintiff] conveys and releases to [Defendant] any and all interest, marital or otherwise, which she may have in his Bank of America 401(k).

By this Agreement, the parties acknowledge that [Defendant] has military retirement and that [Defendant] did participate in this account prior to the marriage of the parties, making there a premarital component to the account. [Plaintiff] shall receive fifteen percent (15%) of [Defendant's] monthly military retirement for the remainder of his life. [Plaintiff's] attorney shall be responsible for preparing the documents necessary for her to receive this monthly allotment and [Defendant's] attorney shall have an opportunity to review the document prior to its submission to the military and the [c]ourt. In the event [Defendant's] signature is required for the distribution to take place, he shall execute any and all necessary documents within fifteen (15) days of receipt from [Plaintiff's] attorney. [Plaintiff] shall begin receiving the 15% of the military retirement effective February 1, 2019. [Defendant] shall monitor the monthly statements related to the retirement each month. Upon [Plaintiff's] retirement being deducted directly from the retirement, [Defendant] shall pay a make up payment for any months that were not deducted. Thereafter, [Plaintiff] shall be responsible for coordinating with DFAS for payments to come to her.

The Agreement establishes that the intention of the parties at the moment of its execution was that, in exchange for releasing any interest in other intangible property, Plaintiff would be entitled to 15% of Defendant's monthly military

retirement for the remainder of his life. Because Plaintiff has not received any payments from Defendant's military pension, the trial court did not err by concluding that Defendant had breached the Agreement.

## B. Specific Performance

Defendant argues that the trial court erred by ordering specific performance because Defendant "had not breached the terms of the separation agreement[.]" (capitalization altered).

"The remedy of specific performance rests in the sound discretion of the trial court and is conclusive on appeal absent a showing of a palpable abuse of discretion." *Crews v. Crews*, 264 N.C. App. 152, 154, 826 S.E.2d 194, 196 (2019) (quotation marks and citation omitted). An abuse of discretion results where the trial court's order is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision. *Paynich v. Vestal*, 269 N.C. App. 275, 278, 837 S.E.2d 433, 436 (2020).

A separation agreement may be enforced through the equitable remedy of specific performance. *Reeder v. Carter,* 226 N.C. App. 270, 275, 740 S.E.2d 913, 917 (2013). Specific performance is appropriate if the remedy at law is inadequate, the obligor can perform, and the obligee has performed her obligations. *Crews*, 264 N.C. App. at 154, 826 S.E.2d at 196. Our Supreme Court has established that damages are usually an inadequate remedy in the context of separation agreements. *See Moore v. Moore*, 297 N.C. 14, 17, 252 S.E.2d 735, 738 (1979) ("[W]hen the defendant persists

in his refusal to comply, the plaintiff must resort to this remedy repeatedly to secure her rights under the agreement as the payments become due and the defendant fails to comply. The expense and delay involved in this remedy at law is evident.").

Here, Plaintiff's remedy at law is inadequate because she would have to repeatedly sue to secure her portion of Defendant's monthly military pension that she is entitled to under the Agreement. *See id.* Furthermore, despite Defendant's testimony at trial that he was capable of paying Plaintiff through a check or direct deposit, Plaintiff has not received a single payment from Defendant's military pension. Finally, Plaintiff performed her obligations under the Agreement because she submitted to DFAS an Application for Former Spouse Payments from Retired Pay in December 2021, but her application was denied because the parties were not married for 10 years or more.

Accordingly, the trial court did not abuse its discretion by granting Plaintiff's claim for specific performance.

### III.    Conclusion

The trial court did not err by concluding that Defendant had breached the Agreement and ordering that Defendant specifically perform the Agreement by paying Plaintiff 15% of his monthly military retirement pay for the remainder of his life and $8,550 in arrearages. Accordingly, we affirm.

AFFIRMED.

Judges ZACHARY and RIGGS concur.